**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| RIGGS AMBULANCE SERVICE,<br>Plaintiff,<br>v.<br>SIERRA MEDICAL SERVICES ALLIANCE,<br>Defendant. | Case No. 3:26-CV-00484-CLB<br>**ORDER GRANTING PARTIAL MOTION TO DISMISS**<br>[ECF No. 10] |

Currently pending before the Court is Defendant Sierra Medical Services Alliance's ("SEMSA") partial motion to dismiss Plaintiff Riggs Ambulance Service ("Riggs") complaint, (ECF No. 1-1). (ECF No. 10.)[1] For the reasons stated below, SEMSA's partial motion to dismiss, (ECF No. 10), is granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background[2]

Riggs provides ambulance services in Merced County, California, and SEMSA was their subcontractor and administrator. (ECF No. 1-1 ¶¶ 7-8.) In 2014, Riggs and SEMSA entered into an Asset Purchase Agreement ("APA"), in which SEMSA agreed to purchase certain assets from Riggs. (*Id.* at ¶ 9.)

The 2014 APA included a promissory note requiring SEMSA to pay $1,551,012.68 to Riggs in exchange for various assets. (*Id.* at ¶ 13.) In 2018, the promissory note was amended ("Amended Note") to require SEMSA to pay $3,125 solely in interest per month beginning January 1, 2018, until July 1, 2025, when the remaining principal balance of $1,250,138 was to be paid in full. (*Id.* at ¶ 14.) Under the terms of the Amended Note, if SEMSA defaulted on any interest payment by failing to pay within five business days of

---

[1] Riggs responded, (ECF No. 16), and SEMSA replied, (ECF No. 20).

[2] The facts as stated herein are adopted from Riggs's complaint and are accepted as true for purposes of this motion.

each monthly due date, the interest rate would increase from 3% to 6% per annum. (*Id.*) SEMSA failed to make a single payment on the Amended Note, including all monthly interest payments, and failed to pay the full principal balance, despite several requests from Riggs to do so. (*Id.* at ¶¶ 14, 16-17.) Accordingly, as of June 1, 2026, SEMSA owed a balance of $1,886,874.95 on the APA, which continues to accrue $6,250.69 per month in interest. (*Id.* at ¶ 18.)

Prior to entering into the APA, Riggs maintained a workers compensation policy (the "Policy") with Catalyst Insurance, Ltd ("Catalyst"). (*Id*. at ¶ 20.) Under the terms of the Policy, Riggs paid an initial deposit of $36,000 and an additional $517,000 to be used as collateral for the coverage. (*Id.* at ¶¶ 21-22.) Once the coverage terminated, Catalyst was obligated to refund the excess collateral to Riggs in approximately five years. (*Id.* ¶ at 23.) The Policy was not an asset sold to SEMSA under the APA. However, in conjunction with performance of the APA in 2014, Catalyst was to terminate the Policy and open a new policy for SEMSA. (*Id.* ¶¶ at 9, 14, 24, 26.) This termination would trigger Catalyst's duty to distribute the funds within five years. (*Id.* ¶ at 23.)

Instead of terminating the Policy, Catalyst simply continued the Policy and changed the name of the insured to SEMSA, allowing SEMSA to allegedly receive the collateral funds contributed by Riggs without compensation. (*Id.* ¶ at 27.) Riggs, therefore, did not receive the value of the collateral funds within the five years of the intended 2014 termination date and these funds remain unpaid. (*Id.* ¶¶ at 23, 28-29.)

### B. Procedural History

On June 25, 2026, Riggs filed this lawsuit against SEMSA asserting the following claims for relief: (1) breach of contract of the APA and Amended Note; (2) breach of contract of the APA; (3) unjust enrichment; and (4) conversion. (*Id*. at 4-8.) On July 27, 2026, SEMSA filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting the following: (1) part of Claim 1 and Claims 2-4 should be dismissed because the claims are barred by the statute of limitations; and (2) Claims 2-4 should also be dismissed because Riggs fails to allege necessary elements of the causes

of action. (ECF No. 10 at 5-13.) SEMSA additionally argued for dismissal for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7), asserting the case cannot proceed without Catalyst as a party.[3] (*Id.* at 10-11.)

In response, Riggs argues dismissal is not warranted by asserting: (1) the claims for breach are not time barred; (2) SEMSA's arbitrary dates related to the Policy do not warrant dismissal; (3) the claims related to the Policy are plead in the alternative; (4) Catalyst is not an indispensable party; (5) the unjust enrichment and conversion claims are valid; and (6) should SEMSA succeed, Riggs requests leave to amend its complaint. (ECF No. 16.)

In reply, SEMSA asserts that contrary to Riggs's arguments, Riggs's claims are barred by the applicable statute of limitations and pleading in the alternative does not cure deficiencies on the face of Riggs's complaint. (ECF No. 20.) In addition, SEMSA reasserts that Riggs's proposed relief confirms Catalyst is an indispensable party. (*Id*.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

---

[3] Federal Rule of Civil Procedure 12(b)(7) requires dismissal of a complaint when a party fails to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). Under Rule 19(a)(1), a party must be joined when the court cannot afford complete relief in their absence, the absent party's interest may be impaired by a decision, or the absent party's interest may leave an existing party subject to inconsistent obligations. Fed. R. Civ. P. 19(a)(1). The Court will not reach this issue because, for reasons below, all claims related to Catalyst's interest are barred by the statute of limitations, therefore the issue is moot.

and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found two principles apply when deciding whether a complaint states a claim pursuant to Rule 12(b)(6). First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must plausibly suggest an entitlement to relief." *Id*. Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732).

A court can grant a motion to dismiss for failure to state a claim with leave to amend. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty*., 708 F.3d 1109, 1113 (9th Cir. 2013). Courts should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a)(2). Usually, leave to amend is only denied when it is clear the deficiencies of the complaint cannot be cured by amendment. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013). Whatever the reason, the court must provide an explanation for denying a party leave to amend. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).

## III. DISCUSSION

SEMSA moves to dismiss part of Claim 1 and Claims 2-4 based on its assertion that these claims are barred by applicable statute of limitations. (ECF No. 10.) A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable

statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citations omitted). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207 (9th Cir. 1995).

Claims 1-2 allege breach of contract, which applies a six-year statute of limitations period under Nevada law. NRS 11.190(1)(b); NRS 104.3118. Claim 3 is a cause of action for unjust enrichment, and under Nevada law, a four-year statute of limitations period applies to this claim. NRS 11.190(2)(c); *see also Nanyah Vegas LLC v. Rogich,* No. 66823, 2016 WL 606896, at *1 (Nev. Sup. Ct., 2016). Finally, Claim 4 asserts a state law claim for conversion which is controlled by a three-year limitations period. NRS 11.190(3)(c); *see also Shupe & Yost, Inc. v. Fallon Nat. Bank of Nevada,* 847 P.2d 720, 721 (1993).

**A. Claim 1 – Breach of Contract of the APA and Amended Note**

In Claim 1, Riggs first asserts a claim for breach of contract of the APA and Amended Note when SEMSA failed to pay each monthly interest beginning January 1, 2018, and failed to pay the principal balance due on July 1, 2025. (ECF No. 1-1 at ¶¶ 15-17, 33.) Thus, the six-year status of limitation applies. NRS 11.190(1)(b); NRS 104.3118.

The Amended Note established monthly installment payments beginning January 1, 2018, and each subsequent monthly interest debt went unpaid by SEMSA until July 1, 2025, when the principal balance was due. (ECF No. 1-1 at ¶¶ 14-17.) The APA did not contain an acceleration clause; therefore, the statute of limitations began to run the day each installment became due. NRS 11.200(1); NRS 104.3118. SEMSA missed all interest payments beginning January 2018, until the final principal balance was due July 1, 2025. (ECF No. 1-1 at ¶¶ 15-17.) Despite Riggs's clear knowledge of SEMSA's failure to pay at the onset, no legal action was taken until the filing of this case on June 25, 2026. (*Id.*) Since Riggs knew of SEMSA's default as it occurred, the six-year statute of limitations began to run in January 2018. NRS 11.190(1)(b).

Accordingly, it is clear from the face of Riggs's complaint that the alleged breach of contract first occurred in January 2018, and therefore Riggs was required to commence this action within six years, or by 2024, which they did not do. Therefore, the portion of Claim 1 pursuing installment payments from January 2018 to June 25, 2020, is untimely and barred by the statute of limitations.

**B. Claim 2, 3, 4 – Breach of Contract, Unjust Enrichment, and Conversion**

Riggs asserts claims for breach of contract, unjust enrichment, and conversion concerning the Policy. (ECF No. 1-1 at 5-8.) Riggs alleges SEMSA improperly received the economic benefit of the Policy without compensating Riggs for the value. (*Id*. at ¶¶ 38-39, 42-43, 47, 49-52, 56-64.)

Applying the above-referenced principles, the Court employs a six-year statute of limitations for breach of contract related to Claim 2, NRS 11.190(1)(b); a four-year limitation for unjust enrichment pursuant to Claim 3, NRS 11.190(2)(c); *see also Nanyah Vegas LLC,* 2016 WL 606896, at *1; and a three-year limitation for conversion under Claim 4, NRS 11.190(3)(c); *see also Shupe & Yost, Inc.,* 847 P.2d at 721.

SEMSA and Riggs executed the APA in 2014, and in conjunction with performance of the contract, Riggs expected the Policy to be terminated. (ECF No. 1-1 at ¶¶ 9, 26.) Riggs alleges termination of the Policy would trigger Catalyst to refund excess collateral and other amounts to Riggs in approximately five years. (*Id.* at ¶ 23.) Since the implementation of the APA required the termination of the Policy in 2014, Catalyst was required to distribute the funds five years after termination, i.e., by 2019. (*Id.* at ¶¶ 23, 26.) Although neither the Policy termination nor collateral payout occurred, Riggs knew or should have known that payment should have occurred no later than 2019. *Bemis*, 967 P.2d at 440. The termination of an *over half-million-dollar* collateral policy would include a formal process involving Riggs as a contracting party. If the Policy was terminated in 2014 as contemplated by the parties, Riggs would need to be consulted. Riggs knew or should have known the Policy was not terminated in 2014 because they did not participate in any of the necessary procedures to do so. *Id*. Riggs expected the Policy to be

terminated, and when it was not, Riggs was on notice of potential issues in 2014. Additionally, Riggs anticipated significant compensation five years after the expected termination of the Policy in 2014. (ECF No. 1-1 ¶ 23.) After Riggs did not receive the over $500,000 payment, Riggs knew or should have known there was a complication in 2019 and acted on it. *Bemis*, 967 P.2d at 440. Yet, Riggs failed to do so. Riggs does not address this in the complaint nor is it explained in the opposition to the motion to dismiss. In fact, there is no explanation whatsoever for Riggs's failure to take any action under the circumstances. Thus, despite being on notice in 2014, and again in 2019, of breach of the parties' agreements, Riggs failed to take legal action until filing this suit on June 25, 2026 – almost seven years later. (ECF No. 1-1.)

Accordingly, it is clear from the face of Riggs's complaint that the alleged events triggering Claims 2-4 first occurred in 2014, or at the latest, in 2019. Therefore, using 2019 as the operative date, Riggs was required to commence a breach of contract action within six years, or by 2025; an unjust enrichment action within four years, or by 2023; and a conversion action within three years, by 2022, *at the latest*, which they failed to do. Therefore, the Court finds that Claims 2-4 are untimely and barred by the statute of limitations.

For the reasons stated above, Riggs's Claim 1 in part and Claims 2-4 are time-barred, and as a result SEMSA's partial motion to dismiss, (ECF No. 10), is granted.

### C. Leave to Amend

A court can grant a motion to dismiss for failure to state a claim with leave to amend. *Sonoma Cnty. Ass'n of Retired Emps.,* 708 F.3d at 1113. However, leave to amend need not be given if amendment would be futile. *Lathus v. City of Huntington Beach,* 56 F.4th 1238, 1243 (9th Cir. 2023). As explained above, Claim 1 in part and Claims 2-4 are barred by the statute of limitations and therefore, amendment would be futile. Consequently, the claims are dismissed without leave to amend.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases

not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion.

**IT IS THEREFORE ORDERED** that SEMSA's partial motion to dismiss, (ECF No. 10), Riggs's complaint, (ECF. No. 1-1), is **GRANTED.**

**IT IS FURTHER ORDERED** that Claim 1 in part and Claims 2-4 be **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

**DATED**: October 5, 2026

**UNITED STATES MAGISTRATE JUDGE**